**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| KILLER JOE NEVADA, LLC, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No.: TBD |
| ) | |
| DOES 1-39. ) | |
| ) | |
| *Defendants.* ) | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, Killer Joe Nevada, LLC, by and through its undersigned counsel, and for its Complaint against Defendants, alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 *et seq).* As set forth in greater detail below, this action involves the unauthorized acquisition and transfer of Plaintiff's mainstream copyrighted motion picture "Killer Joe" by Defendants.

2. This Court has jurisdiction under 17 U.S.C. §101 et seq.; 28 U.S.C. §1331 (federal question): and 28 U.S.C. §1338(a) (copyright).

3. The manner of the transfer of Plaintiffs motion picture, "Killer Joe," at issue among Peer-to-Peer ("P2P") network users is called a "BitTorrent protocol" or "torrent," which is different than the standard P2P protocol used for such networks as Kazaa and Limewire. The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers across a P2P network. The initial file-provider intentionally elects to share a file

1

with a torrent network. This initial file is called a seed. Other users ("peers") and the network connect to the seed file to download. As additional peers request the same file, each additional user becomes a part of the network from which the file can be downloaded. However, unlike a traditional peer-to-peer network, each new file downloader is receiving a different piece of the data from each user who has already downloaded the file that together comprises the whole. This piecemeal system with multiple pieces of data coming from peer members is usually referred to as a "swarm." The effect of this technology makes every downloader also an uploader of the illegally transferred file(s). This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network must necessarily also be a source of download for that infringing file.

4. This distributed nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users. As more peers join the swarm, the likelihood of a successful download increases. Because of the nature of a BitTorrent protocol, any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file. Essentially, because of the nature of the swarm downloads as described above, every infringer is stealing copyrighted material from many Internet Service Providers ("ISPs") in numerous jurisdictions around the country.

5. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of Plaintiff as exclusive rights owner, within Iowa reproduced, distributed and offered to distribute among other Defendants over the Internet copyrighted works for which Plaintiff has exclusive rights. Plaintiff has used geolocation technology to trace the Internet Protocol ("IP") addresses of each Defendant to a point of origin within the State of Iowa. On information and belief, each Defendant has an IP address based in

Iowa and resides in or committed copyright infringement in the State of Iowa.

6. In the alternative, this Court has personal jurisdiction over non-resident Defendants, if any, under the Illinois long-arm statute, 735 ILCS 5/2-209(a)(2), because they downloaded copyrighted content from or uploaded it to Iowa residents, thus committing a tortious act within the meaning of the statute.

7. Venue in this District is proper under 28 U.S.C. §1391(b) and/or 28 U.S.C. § 1400(a). Although the true identity of each Defendant is unknown to Plaintiff at this time, on information and belief, Defendants reside in this District, may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. In the alternative, on information and belief, a Defendant resides in this District and all of the Defendants reside in this State.

## THE PARTIES

8. Plaintiff, Killer Joe Nevada, LLC, (the "Plaintiff) is a developer and producer of motion pictures. Plaintiff brings this action to stop Defendants from copying and distributing to others over the Internet unauthorized copies of Plaintiff's copyrighted motion picture. Defendants' infringements allow them and others unlawfully to obtain and distribute for free unauthorized copyrighted works that Plaintiff spends millions of dollars to create and/or distribute. Each time a Defendant unlawfully distributes a free copy of Plaintiffs copyrighted motion picture to others over the Internet, each person who copies that motion picture can then distribute that unlawful copy to others without any significant degradation in sound and picture quality. Thus, a Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

9. Plaintiff, Killer Joe Nevada, Inc., is a corporation of California having a principal place of business at 662 N. Crescent Heights Blvd., Los Angeles, CA 90048. Plaintiff is engaged in the development and production of motion pictures for theatrical exhibition, home entertainment and other forms of distribution. Plaintiff is the owner of the copyrights and/or the pertinent exclusive rights under copyright in the United States in the motion picture that has been unlawfully distributed over the Internet by Defendants.

10. The true names of Defendants are unknown to Plaintiff at this time. Each Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by his or her Internet Service Provider and the date and the time at which the infringing activity of each Defendant was observed. Plaintiff believes that information obtained in discovery will lead to the identification of each Defendant's true name and will permit Plaintiff to amend this Complaint to state the same. Plaintiff further believes that additional information obtained will lead to the identification of additional infringing parties, as monitoring of online infringement of Plaintiffs motion picture is ongoing.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

11. Plaintiff was responsible for the production of the commercially released motion picture titled "Killer Joe," written by Tracy Letts, directed by William Friedkin and starring Matthew McConaughey, Emile Hirsch, Juno Temple, among others, that has significant value and has been produced and created at considerable expense.

12. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, for the copyrighted motion picture "Killer Joe" ("Copyrighted Motion Picture," including derivative works). The Copyrighted Motion Picture is the subject of a valid Certificate of Copyright Registration (Registration No. PAu 3-652-098) issued by the Register of Copyrights on September 27, 2011. (Exhibit A).

13. The Copyrighted Motion Picture includes a copyright notice advising the viewer that the motion picture is protected by the copyright laws.

14. Plaintiff is informed and believes that each Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to reproduce and distribute to the public, including by making available for distribution to others, the Copyrighted Motion Picture. Plaintiff has identified each Defendant by the IP address assigned to that Defendant by his or her 1SP and the date and the time at which the infringing activity of each Defendant was observed (Exhibit B). In doing so, each Defendant has violated Plaintiffs exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiffs exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq).

15. On information and belief, each Defendant deliberately participated in a swarm and/or reproduced and/or distributed the same seed file of Plaintiffs Copyrighted Motion Picture in digital form with other Defendants. In particular, on information and belief, Defendants participated in a collective and interdependent manner in a swarm with other Defendants via the Internet for the unlawful purpose of reproducing, exchanging and distributing portions of infringing copyrighted material unique to the swarm.

16. The foregoing acts of infringement constitute a collective enterprise of shared overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

17. As a result of each Defendant's infringement of Plaintiffs exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to its attorneys' fees and costs pursuant to 17 U.S.C. §505.

18. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be

compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiffs copyright and ordering that each Defendant destroy all copies of Copyrighted Motion Picture made in violation of Plaintiffs copyrights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each Defendant and relief as follows:

1. For entry of permanent injunctions providing that each Defendant shall be enjoined from directly or indirectly infringing Plaintiffs rights in the Copyrighted Motion Picture and any motion picture, whether now in existence or later created, that is owned or controlled by the Plaintiff ("Plaintiffs Motion Pictures"), including without limitation by using the Internet to reproduce or copy Plaintiffs Motion Pictures, to distribute Plaintiffs Motion Pictures, or to make Plaintiffs Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Each Defendant also shall destroy all copies of Plaintiffs Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiffs authorization and (subject to the Order of Impoundment prayed for below) shall serve up all copies of those downloaded motion pictures transferred onto any physical medium or device in each Defendant's possession, custody or control.

2. For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in its federally registered copyright pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint.

3. For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be

determined at trial.

4. For an Order of Impoundment under 17 U.S.C. §§503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs and other materials, which are in Defendants' possession or under their control.

5. For Judgment in favor of Plaintiff and against Defendants awarding Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses) and other costs of this action.

6. For Judgment in favor of Plaintiff against Defendants, awarding Plaintiff such further declaratory and injunctive relief as may be just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: ____April 25, 2013_____

Respectfully submitted,

_/s/ Jay R. Hamilton____
JAY R. HAMILTON
CHARLES A. DAMSCHEN
HAMILTON IP LAW, PC
331 West 3rd Street, NVC Suite 120
Davenport, IA 52801
Tel: (563)441-0207
Fax: (563) 823-4637

**ATTORNEYS FOR PLAINTIFF**