IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| TCYK, LLC, | \*   CASE NO.: |
| Plaintiff, | \*   3:13-CV-00060-SMR-TJS |
| v. | \* |
| | \*   DEFENDANT JOHN DOE 18'S BRIEF |
| | IN SUPPORT OF ITS MOTION  TO |
| DOES 1-18, | \*   QUASH THE SUBPOENA AND |
| | MOTION TO DISMISS AND/OR SEVER |
| Defendants. | \*   FOR MISJOINDER |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

COMES NOW Defendant, John Doe 18, IP Address 24.252.32.51 ("Defendant"), by and through the undersigned counsel, who hereby files this Special Appearance for Motion to Quash Subpoena and Motion to Dismiss and/or Sever for Improper Joinder, against Plaintiff TCYK, LLC ("TCYK" or "Plaintiff"), and as presented more fully below.

<u>FACTUAL & PROCEDURAL BACKGROUND</u>

1.      On June 12, 2013, Plaintiff TCYK, LLC, filed its original Complaint for Copyright Infringement purporting mass joinder of unidentified defendants alleged to have committed direct copyright infringement upon Plaintiff's claim of copyright ownership of the motion picture, "The Company You Keep," using a file sharing protocol known as BitTorrent. <u>Complaint</u> at ¶¶ 3-18.

2.      On July 10, 2013, Plaintiff filed its Motion For Leave To Take Discovery Prior To Rule 26(f) Conference. <u>Discovery Motion</u>. On July 17, 2013, the Court entered

its Order granting Plaintiff's Discovery Motion to serve Rule 45 subpoenas on the Internet Service Providers (ISP). The Order allows Plaintiff to serve subpoenas upon the ISPs seeking that the ISPs divulge "names, address, telephone number, e-mail address, and MAC address" of each defendant listed on Plaintiff's exhibit to Plaintiff's Complaint, including Defendant John Doe 18.

3.  Defendant received correspondence from Cox Communications, dated August 23, 2013, asserting that Cox Communications will comply with the terms of the subpoena on 09/09/13 and disclose the requested information to Plaintiff's counsel.

4.  In reading the Complaint, Plaintiff describes BitTorrent as a file-sharing "protocol [that] makes even small computers with low bandwidth capable of participating in large data transfers across a P2P network." Complaint at ¶ 3.

5.  Plaintiff pleads that "on information and belief, each Defendant deliberately participated in a swarm and/or reproduced and/or distributed the same seed file or Plaintiffs Copyrighted Motion Picture in digital form with other Defendants." Complaint at ¶ 15.

6.  Defendant timely makes this special appearance to bring forth these motions and memorandum of law.

7.  This special appearance is not to be construed as a general appearance by undersigned counsel.

8.  Defendant retained the undersigned attorney as a result of Plaintiff's Complaint, and is obligated to pay its attorney a reasonable fee for services rendered and costs incurred in bringing forth these motions.

9.     In addition, Title 17 U.S.C. § 505 provides that in any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party and may also award a reasonable attorney's fee to the prevailing party as part of the costs.

<u>MOTION TO QUASH</u>

More and more courts are encountering these sorts of lawsuits as part of a "nationwide blizzard of civil actions…alleging copyright infringement by individuals utilizing a computer protocol known as BitTorrent." <u>In re BitTorrent Adult Film Copyright Infringement Cases</u>, CIV.A. 11-3995 DRH, 2012 WL 1570765 (E.D.N.Y. May 1, 2012) <u>report and recommendation adopted sub nom.</u> <u>Patrick Collins, Inc. v. Doe 1</u>, 288 F.R.D. 233 (E.D.N.Y. 2012). One Court went so far as to state that "The most persuasive argument against permitting plaintiffs to proceed with early discovery arises from the clear indicia, both in this case and in related matters, that plaintiffs have employed abusive litigations tactics to extract settlements from John Doe defendants." <u>Id</u>. at ¶ 9.

In this case, the subpoena commands Cox Communication to disclose to Plaintiff, Defendant's "name, address, telephone numbers, email addresses, and Media Access Control addresses." Plaintiff's Complaint suggests to the Court that "Each Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by his or her Internet Service Provider." <u>Complaint</u> at ¶ 10.  Plaintiff wrongfully equates the subscriber of the internet service to the alleged infringer.

Fed. R. Civ. P. 45(c)(3)(A)(iv) provides that no person shall be subject to a subpoena that imposes "undue burden." Furthermore, the Federal Rules dictate that a

3

court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon showing of good cause. Fed. R. Civ. P. 26(c). In determining an "undue burden," a court generally examines "relevance, the need of the part for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed. "Flatow v. The Islamic Republic of Iran, 196 F.R.D. 203, 206 (D.D.C. 2000) opinion aff'd in part, vacated in part sub nom. Flatow v. Islamic Republic of Iran, 305 F.3d 1249 (D.C. Cir. 2002).

In this matter, Plaintiff completely ignores the fact that "IP" subscribers are not necessarily infringers. In an Order signed by the United States District Court, Northern District of California, the Judge stated:

> As many courts have noted, however, the ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes. For example, "[ISP] subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiff's works." *Third Degree Films,* 2011 U.S. Dist. LEXIS 128030, at *9. By defining Doe Defendants as ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, "Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed. (Citation Omitted).

SBO Pictures, Inc. v. Does 1-3036, 11-4220 SC, 2011 WL 6002620 (N.D. Cal. Nov. 30, 2011).

Plaintiff is engaging in a "fishing expedition" to scare innocent subscribers in an attempt to get enough contact information to generate letters demanding substantial cash settlements to avoid the threat of further litigation. It is more likely that an infringer

accessed an unsecured wireless router and that most ISP subscribers are not infringing Plaintiff's work. *See* In re BitTorrent Adult Film Copyright Infringement Cases, CIV.A. 11-3995 DRH, 2012 WL 1570765 (E.D.N.Y. May 1, 2012) report and recommendation adopted sub nom. Patrick Collins, Inc. v. Doe 1, 288 F.R.D. 233 (E.D.N.Y. 2012)( It is no more likely that the subscriber to an IP address carried out a particular computer function—here the purported illegal downloading of a single pornographic film—than to say an individual who pays the telephone bill made a specific telephone call).

As one court stated:

> In order to allow multiple computers to access the internet under the same IP address, the cable modem may be connected to a router, or may itself function as a router, which serves as a gateway through which multiple computers could access the internet at the same time under the same IP address. The router could be a wireless device in which case, computers located within 300 feet of the wireless router signal could access the internet through the router and modem under the same IP address. The wireless router signal strength could be increased beyond 600 feet if additional devices are added. The only way to prevent sharing of the wireless router is to encrypt the signal and even then an individual can bypass this security using publicly available software… Some of these IP addresses could belong to businesses or entities which provide access to its employees, customers and sometimes (such as is common in libraries or coffee shops) members of the public.

Id.

There is no need for Plaintiff to have access telephone numbers, email addresses, and other personal data that will not advance Plaintiff's claim. The Court should take measures to protect Defendant from these forms of abusive discovery that is nothing more than a mass "fishing expedition" in an attempt to procure settlement offers. On a personal matter, John Doe 18 is unfamiliar with these forms of illegal downloads and is also suffering from terminal cancer with absolutely no incentive to

5

engage in such activities. At the time of illegal download, Defendant had an unsecured wireless router, which made it more probable that a passerby illegally accessed Defendant's internet service and downloaded the film. Any attempt by Plaintiff to procure more personal information would be a form of unnecessary embarrassment and harassment.

## MOTION TO DISMISS FOR IMPROPER JOINDER

Defendant should be dismissed and severed from the present action, pursuant to Fed. R. Civ. P. 20.  Rule 20 permits a plaintiff to join defendants in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

In addition, even if the requirements of Rule 20(a) are met, however, under Fed. R. Civ. P. 20(b), entitled "Protective Measures,"  "the Court has broad discretion to 'issue orders, including an order for separate trials,  to protect a party against embarrassment, delay, expense, or other prejudice." The Court  also has discretion to "sever any claim against any party." *See* SBO Pictures v. Does 1-41, CIV.A. 12-10804-FDS, 2012 WL 5464182 (D. Mass. Nov. 5, 2012).

In this case, Plaintiff is attempting to improperly join multiple individuals in a single action, even though there is no evidence of any coordinated effort.

6

In this case there is no evidence that any of the John Does were engaged in a "collective enterprise" with each other or "working together." In fact, many of download dates are recorded on completely different days. <u>Complaint—Attached Document</u>.

As there are a number of similar lawsuits with almost identical facts, it is necessary to view how other courts have approached this same issue. One recent decision reviewed some of the recent case law, where courts have ruled that John Doe defendants should be severed or dismissed from an action.

> "…joinder of multiple defendants under Rule 20. *See, e.g., Laface Records, LLC v. Does 1–38,* 2008 U.S. Dist. LEXIS 14544, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008) (ordering the severance of claims against thirty-eight defendants where plaintiff alleged each defendant used the same ISP as well as the same peer-to-peer network to commit the alleged copyright infringement, but there was no assertion that the multiple defendants acted in concert); *Interscope Records v. Does 1–25,* 2004 U.S. Dist. LEXIS 27782 (M.D.Fla. Apr. 1, 2004) (magistrate recommended sua sponte severance of multiple defendants in action where only connection between defendants was allegation that they used same ISP and peer-to-peer network to conduct copyright infringement); *see also BMG Music v. Does,* 2006 U.S. Dist. LEXIS 53237, No. 06–01579 (Patel, J.) (N.D.Cal. July 31, 2006) (finding improper joinder of four Doe defendants where the complaint alleged that each defendant used the same ISP to engage in distinct acts of infringement on separate dates at separate times, and there was no allegation that defendants acted in concert); *Twentieth Century Fox Film Corp. v. Does 1–12,* No. C 04–04862 WHA (N.D.Cal. Nov.16, 2004) (Alsup, J.) (severing twelve Doe defendants in a copyright infringement case where although defendants used the same ISP to allegedly infringe motion picture recordings, there was no allegation that the individuals acted in concert); *cf. In the Matter of DIRECTV, INC.* 2004 U.S. Dist. LEXIS 24263, 2004 WL 2645971, No. 02–5912 (Ware, J.) (N.D.Cal. July 26, 2004) (severing and dismissing hundreds of defendants in a case alleging that defendants purchased and used modified access cards and other pirate access devices to permit view of plaintiff's programming without authorization)."

<u>Boy Racer, Inc. v. Does 1-60</u>, C 11-01738 SI, 2011 WL 3652521 (N.D. Cal. Aug. 19, 2011).

In <u>Hard Drive Prods., Inc. v. Does 1-188</u>, 809 F. Supp. 2d 1150, 1163 (N.D. Cal. 2011), the court stated:

> Under the BitTorrent Protocol, it is not necessary that each of the Does 1–188 participated in or contributed to the downloading of each other's copies of the work at issue—or even participated in or contributed to the downloading by any of the Does 1–188. Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe *or to any of the potentially thousands who participated in a given swarm.* The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world.

Clearly, it is complete guesswork by Plaintiff to suggest that 18 people located across the state, with purported infringements at all hours of the day and night, would somehow be involved in a concerted effort by all the alleged Does and considered to be part of a "single swarm." A review of Plaintiff's Complaint Exhibit referencing the IP addresses shows that the activity happened over a period of several days and there is nothing linking the IP addresses.

More importantly, courts have also been willing to dismiss and sever such cases on the principles of fundamental fairness and judicial economy. In <u>Pac. Century Int'l Ltd. v. Does</u>, C-11-02533 DMR, 2011 WL 5117424, * 3 (N.D. Cal. Oct. 27, 2011), one court observed:

> In addition to the Rule 20(a)(2) criteria, the court has a parallel duty to ensure that permissive joinder "would comport with the principles of fundamental fairness or would [not] result in prejudice to either side. The court also has discretion to sever an action when joinder would confuse and complicate the issues for all parties involved… It is likely that Defendants would assert different factual and legal defenses, and would identify different witnesses. Case management and trial …would be inefficient, chaotic, and expensive.. Each Defendants' varying defenses

would require the court to cope with separate discovery disputes and dispositive motions, and to hold separate trials, each based on different evidence. Joining Defendants to resolve what at least superficially appears to be a relatively straightforward case would in fact transform it into a cumbersome procedural albatross. These difficulties would place tremendous burden on Defendants as well. To provide two illustrative examples, each Defendant would have the right to be present at every other Defendant's depositions—a thoroughly unmanageable and expensive ordeal. Similarly, *pro se* Defendants, who most likely would not e-file, would be required to serve every other Defendant with a copy of their pleadings and other submissions throughout the pendency of the action at substantial cost. The court agrees with the conclusions of *On the Cheap, LLC* and *Hard Drive Productions, Inc.* and cannot permit a case to proceed in this manner. (Citations Omitted).

The Federal District Court for the Eastern District of Missouri ruled, in an identical case, that the efficiency goals of the Federal Rules' joinder provisions are not accomplished by the mass joinder of defendants in this case, and joinder here will result in an unmanageable case and unfairness to defendants. <u>PHE, Inc. v. Does 1-27</u>, 4:13-CV-480 SNLJ, 2013 WL 3811143 (E.D. Mo. July 22, 2013). The court ordered to sever and dismiss without prejudice the claims against all defendants except Doe 1 in the case. <u>Id.</u>

One court stated the possibilities of having so many defendants:

Each Defendant will also likely have a different defense. Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. Given this panoply of facts, law, and defenses, the Court does not see any reason to vacate its March 5, 2004, Order. Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants. Joinder is improper.

9

BMG Music v. Does 1-203, CIV.A. 04-650, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004). In this case, misjoinder is appropriate to avoid the endless complications that would arise as each John Doe attempts to defend their case.

## CONCLUSION

For the following reasons, Defendant John Doe 18, respectfully requests the Court that it should be dismissed and/or severed from the present proceedings. In addition, the subpoena should be quashed, with reasonable attorney fees awarded to Defendant and for such relief that this Court deems just and proper.

JACOB C. LANGEVELD, #AT0010979
SMITH PETERSON LAW FIRM, LLP
35 Main Place, Suite 300
P. O. Box 249
Council Bluffs, IA 51502
Telephone:  (712) 328-1833
Fax:  (712) 328-8320
jclangeveld@smithpeterson.com
ATTORNEY FOR JOHN DOE #18

## **CERTIFICATE OF SERVICE**

I hereby certify that on the _17th_ day of _September_, 20_13_, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which sent notification of said filing to all CM/ECF participants:

JAY. R. HAMILTON
CHARLES A. DAMSCHEN
HAMILTON IP LAW, PC
331 West 3rd Street, NVC Suite 120
Davenport, IA 52801
Tel: (563) 441-0207
Fax: (563) 823-4637