IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| KILLER JOE NEVADA, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>DOES 1-39,<br><br>     Defendants. | No. 3:13-cv-00060-SMR-TJS<br>**LEAD CASE NUMBER**<br><br><br>**ORDER** |
| TCYK, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>DOES 1-18,<br><br>     Defendants. | No. 3:13-cv-00074-SMR-TJS |
| TCYK, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>DOES 1-18,<br><br>     Defendants. | No. 3:13-cv-00077-SMR-TJS |
| KILLER JOE NEVADA, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>DOES 1-10,<br><br>     Defendants. | No. 4:13-cv-00192-SMR-TJS |

| SIBLING THE MOVIE, LLC, | |
| Plaintiff, | No. 4:13-cv-00271-SMR-TJS |
| v. | |
| DOES 1-21, | |
| Defendants. | |

Each of the plaintiffs in the above-captioned cases filed a complaint alleging copyright infringement against Doe defendants.  Each plaintiff also filed a Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, and all were granted.  The cases were consolidated for the purposes of discovery.  Before the Court is Defendant John Doe 18's Motion to Quash the Subpoena and Motion to Dismiss and/or Sever for Misjoinder [ECF No. 20], filed in the lead case number but pertaining to *TCYK, LLC v. Does 1-18*, No. 3:13-cv-00077-SMR-TJS.[1]  No resistance to the motion was filed.  The other four cases are considered by the Court sua sponte.

For the reasons that follow, the Court GRANTS IN PART Defendant John Doe 18's motion.  The Court SEVERS each of the cases against the Doe defendants, DISMISSES all but one of the remaining Doe defendants from each case without prejudice,[2] VACATES the prior Orders granting discovery, and GRANTS the Motion for Leave to Take Discovery Prior to Rule 26(f) Conference as to Doe 1 in each case, except it is instead granted as to Doe 2 in No. 4:13-cv-00192-SMR-TJS.  The Court DENIES the Motion to Quash as moot due to John Doe 18's

---

[1]The Court identified which of the two *TCYK* cases is at issue in the motion based on Doe 18's IP address and the listing of IP addresses in Exhibit B filed with each complaint.

[2]Some defendants have already been dismissed with or without prejudice by the plaintiff in several of the cases.

dismissal from the case.  Any and all subpoenas seeking discovery about the identity of any defendant other than the remaining defendant in each case are QUASHED.

The Court also DENIES as moot the Motion to Compel Compliance with Subpoena Duces Tecum filed in each of the following cases: *Killer Joe Nevada, LLC v. Does 1-39*, No. 3:13-cv-00060-SMR-TJS [ECF No. 24]; *TCYK, LLC v. Does 1-18*, No. 3:13-cv-00074-SMR-TJS [ECF No. 12]; and *TCYK, LLC v. Does 1-18*, No. 3:13-cv-00077-SMR-TJS [ECF No. 11].  In *Killer Joe Nevada, LLC v. Does 1-10*, No. 4:13-cv-00192-SMR-TJS [ECF No. 15], the Court DENIES the Motion to Compel without prejudice to its refiling as to Doe 2 once the procedures outlined in this Order have been followed, and as moot with regard to the other defendants.

## I.    FACTUAL ALLEGATIONS

In *Killer Joe Nevada, LLC v. Does 1-39*, No. 3:13-cv-00060-SMR-TJS, plaintiff Killer Joe Nevada, LLC ("Killer Joe") filed a complaint alleging copyright infringement against Does 1-39.  Compl. [ECF No. 1].  In *Killer Joe Nevada, LLC v. Does 1-10*, No. 4:13-cv-00192-SMR-TJS, Killer Joe filed a complaint alleging copyright infringement against Does 1-10.  Compl. [ECF No. 1].  In *TCYK, LLC v. Does 1-18*, No. 3:13-cv-00074-SMR-TJS, plaintiff TCYK, LLC ("TCYK") filed a complaint alleging copyright infringement against Does 1-18.  Compl. [ECF No. 1].  In *TCYK, LLC v. Does 1-18*, No. 3:13-cv-00077-SMR-TJS, TCYK filed a complaint alleging copyright infringement against Does 1-18.  Compl. [ECF No. 1].  In *Sibling The Movie, LLC v. Does 1-21*, No. 4:13-cv-00271-SMR-TJS, plaintiff Sibling The Movie, LLC ("Sibling") filed a complaint alleging copyright infringement against Does 1-21.  Compl. [ECF No. 1].

In its two cases, Killer Joe alleges that its copyrighted motion picture, "Killer Joe," has been shared among Peer-to-Peer network users by a "BitTorrent protocol" or "torrent,"

infringing its copyright.  TCYK and Sibling allege the same for their respective copyrighted

motion pictures, "The Company You Keep" and "The Sibling."  According to the complaint in

each case:[3]

> The initial file-provider intentionally elects to share a file with a torrent network.
> This initial file is called a seed.  Other users ("peers") and the network connect to
> the seed file to download.  As additional peers request the same file, each
> additional user becomes a part of the network from which the file can be
> downloaded.  However, unlike a traditional peer-to-peer network, each new file
> downloader is receiving a different piece of the data from each user who has
> already downloaded the file that together comprises the whole.  This piecemeal
> system with multiple pieces of data coming from peer members is usually referred
> to as a "swarm."  The effect of this technology makes every downloader also an
> uploader of the illegally transferred file(s).  This means that every "node" or peer
> user who has a copy of the infringing copyrighted material on a torrent network
> must necessarily also be a source of download for that infringing file.

Compl. ¶ 3.  Each plaintiff further alleges that the distributed nature of BitTorrent leads to a

rapid viral spreading of a file throughout peer users, and as more peers join the swarm, the

likelihood of a successful download increases.  *Id.* ¶ 4.  Allegedly, any seed peer that has

downloaded a file prior to the time a subsequent peer downloads the same file is automatically a

source for the subsequent peer "so long as that first seed peer is online at the time the subsequent

peer downloads a file."  *Id.*

Each plaintiff alleges that the true names of defendants were unknown to it at the time of

the filing of each complaint, but that each defendant was known to it by the Internet Protocol

("IP") address assigned to that defendant and the date and time at which the infringing activity of

---

[3]The citations to the complaint, to the Memorandum in Support of Plaintiff's Motion for
Leave to Take Discovery Prior to Rule 26(f) Conference, and to the Declaration of Darren M.
Griffin in Support of Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f)
Conference refer to those documents in each of the five cases.  Although not identical, they are
the same with respect to the cited portions.

each defendant was observed.  *Id.* ¶ 10.  Each plaintiff later claimed that it has also been able to identify the Doe defendants by "the hash value which identifies each Defendant as participating in the same swarm" and the location of each IP address within the State of Iowa.  Mem. in Supp. of Pl.'s Mot. for Leave to Take Discovery Prior to Rule 26(f) Conference at 1; *see also* Decl. of Darren M. Griffin in Supp. of Pl.'s Mot. for Leave to Take Discovery Prior to Rule 26(f) Conference ("Griffin Decl."), ¶¶ 9, 10 ("The subscribers using the IP addresses set forth in Exhibit A were all part of a 'swarm' of users who were reproducing, distributing, displaying or performing the copyrighted work identified in Exhibit A.  Moreover, the users were sharing the identical copy of the Work.").

Each plaintiff alleges that it used geolocation technology to trace the IP addresses of each defendant to a point of origin within the State of Iowa.  Compl. ¶ 5.[4]  Each plaintiff also alleges that each defendant "deliberately participated in a swarm and/or reproduced and/or distributed the same seed file" of the movie with other defendants, and participated in a collective and interdependent manner in a swarm with other defendants via the Internet "for the unlawful purpose of reproducing, exchanging and distributing portions of infringing copyrighted material unique to the swarm."  *Id.* ¶ 15.  Each plaintiff further alleges that defendants' acts of infringement "constitute a collective enterprise of shared overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff."  *Id.* ¶ 16.

Each plaintiff's declarant, Darren M. Griffin, alleges that the actions of an individual who downloaded a movie in early January 2013 are connected to the actions of an individual who

---

[4]The Court notes that regarding *Sibling The Movie*, according to plaintiff's Exhibit B [ECF No. 1-3], Doe Number 14 is in the Northern District, not the Southern District of Iowa.

downloaded the same movie (the same file) as part of the same swarm during early April 2013 in

at least the following ways:

    a.    A file with a particular hash value downloaded by an individual over that time period can ultimately be traced to a single parent file (i.e., the actions relate back to the same initial seed of the swarm);

    b.    The swarm expands over that time period to include additional individuals based on uploading and downloading of pieces of the same file with the same hash value (i.e., the infringement by each individual further advances the series of infringements that began with the initial seed and continued through the actions of other infringers such that all individuals act under the same system); and

    c.    An individual operating a computer with BitTorrent software left "on" over that time period remains a participant of a swarm with respect to any file marked for participation in that swarm (i.e., each individual shares pieces that originated from the same (identical) file, and opens their computer to allow others to connect and receive those pieces).

Griffin Decl., ¶ 17.

## II.    LEGAL STANDARDS

Permissive joinder of defendants is proper if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  The purpose of Rule 20 is "to promote trial convenience and expedite

the final determination of disputes, thereby preventing multiple lawsuits."  *Mosley v. Gen.*

*Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974) (citation omitted); *see also Hard Drive*

*Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1156 (N.D. Cal. 2011) (Rule 20(a)(2) is

designed to promote judicial economy and trial convenience (citation omitted)).  In each case,

the plaintiff bears the burden of pleading facts sufficient to show that the requirements of Rule

20(a)(2) are met.  *Third Degree Films, Inc. v. John Does 1-72*, No. 12-cv-14106, 2013 U.S. Dist.

LEXIS 44131, at *18 n.6 (E.D. Mich. Mar. 18, 2013) (citation omitted).

The Court may issue orders–including an order for separate trials–"to protect a party

against embarrassment, delay, expense, or other prejudice that arises from including a person

against whom the party asserts no claim and who asserts no claim against the party."  Fed. R.

Civ. P. 20(b); *see also* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing

an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.

The court may also sever any claim against a party.").

## III.   ANALYSIS

### A.   Discussion of Prior Cases

BitTorrent copyright infringement cases have been filed in numerous jurisdictions, and

courts are split on the issue of joinder.  Many courts have decided (both on motions and sua

sponte) that the cases do not satisfy the joinder rule or would be unmanageable or unfair to the

defendants, and have severed the defendants so that the plaintiff is required to file a separate

action against each Doe defendant.  Other cases have concluded to the contrary.  While the Court

will not attempt an exhaustive summary of the case law on this topic, a discussion of a few

pertinent cases is in order.

#### 1.   Cases Finding Joinder Improper

In *Hard Drive Productions, Inc.*, 809 F. Supp. 2d at 1157-64, the court went through a

detailed discussion of the technology and previous case law, and concluded that permissive

joinder of the Doe defendants was improper under Rule 20(a).

> Does 1-188 did not participate in the same transaction or occurrence, or the same
> series of transactions or occurrences.  Under the BitTorrent Protocol, it is not

necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue - or even participated in or contributed to the downloading by any of the Does 1-188. Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe *or to any of the potentially thousands who participated in a given swarm.* The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world.

*Id.* at 1163.[5]  Even if joinder had met the requirements of Rule 20(a), the court found it appropriate to exercise its discretion to sever and dismiss all but one Doe defendant to avoid causing prejudice and unfairness to the defendants, and in the interest of justice. *Id.* at 1164 (citation omitted).  In the court's view, it would result in a logistically unmanageable case, and force the court to address the unique defenses of each defendant in mini-trials. *Id.* (citation omitted).  It would also be a significant burden for each defendant to have to serve pleadings on all the others, each has the right to be at each other's deposition, and any courtroom proceeding would be unworkable with so many defendants having the opportunity to be present and address the court. *Id.*

In *Kill Joe Nevada, LLC v. Does 1-81*, No. 1:13-cv-1450-JEC, 2013 U.S. Dist. LEXIS 74824, at *1-2, 11-12 (N.D. Ga. May 28, 2013) (citation omitted), a case involving the same movie as in two of the present cases, the court considered sua sponte the issue of whether the unnamed defendants were properly joined under Rule 20, and concluded that it would follow the reasoning "of the majority of district courts" in rejecting the "swarm joinder" theory and severing all but the first defendant.  The court vacated its prior order allowing discovery that was

---

[5]Even though it is unclear whether the defendants in *Hard Drive Productions, Inc.* were in the same swarm, the reasoning employed by the court applies to situations where defendants were allegedly in the same swarm.  809 F. Supp. 2d at 1157.

granted "[b]efore appreciating the manageability problems posed by the type of joinder the plaintiff asserts[.]"  *Id.* at *1 (citation omitted).  The court decided in this and eleven other similar cases that the complaint did not allege facts sufficient to show that the defendants were involved in the "same transaction or occurrence" because to be involved in the same transaction, one would need to be connected to the Internet and still actively distributing data through its BitTorrent client at the same time as another user for that user to be able to connect and share a copy of the movie.  *Id.* at *6-7 (citation omitted).  The activities allegedly occurred on dates such as January 9, 2013, and April 7, 2013.  *Id.* at *7.  The January defendant would have needed to stay online for several months in order to be involved in the same transaction as the April defendant, which the court found "implausible at best."  *Id.* at *7-8 (citations omitted).  In addition, the court decided that joinder would not promote judicial efficiency because it would likely lead to logistical confusion and an increased burden on the court, and it would likely prejudice the defendants.  *Id.* at *9-11.

In *X-Pays, Inc. v. Does 1-34*, No. 12-cv-928-JPG-SCW, 2013 U.S. Dist. LEXIS 96241 (S.D. Ill. June 17, 2013), the court explained that as a peer receives pieces of the seed file, the BitTorrent forces every downloading peer to also act as an uploader for other peers in the swarm of those pieces it has downloaded.  *Id.* at *4-5 (citations omitted).  The peer is only forced to upload to other users, however, while he or she remains connected to the swarm.  *Id.* at *5 (citation omitted).  "A peer can avoid participating in future uploads to other peers by disconnecting from the swarm once he has downloaded the entire file."  *Id.* (citation omitted).  None of the "hit dates" of the Doe defendants occurred at the same time, and many of them did

not even occur on the same day. *Id.* at *15. The court found joinder of the Doe defendants improper. *Id.* at *16.

In *Killer Joe Nevada, LLC v. Does 1-12*, No. 1:13-CV-1038, 2013 U.S. Dist. LEXIS 95416, at *1 (N.D. Ohio July 9, 2013), the court found sua sponte that the defendants were improperly joined. The court severed the defendants, *id.*, and reached the same result in another similar case. The court decided that participation in a specific swarm is too imprecise a factor absent additional information relating to the alleged copyright infringement to support joinder under Rule 20(a). *Id.* at *11. Even if the plaintiff could satisfy Rule 20(a)(2), the court would sever the defendants because joinder would deprive the court of a just result. *Id.* at *11-12. Permitting joinder would violate a sense of fairness, as each defendant might have different defenses to the suit, necessitating a mini-trial for each; alternatively, the case could end with the controversial practice of coercing settlements. *Id.* at *12-13 & n.37-40 (citations omitted). The court was unconvinced that the plaintiff had even pleaded a prima facie case of copyright infringement, given that an individual could access the swarm, download a small piece of the copyrighted material that could be useless, and then leave the swarm without ever completing the download. *Id.* at *10-11 & n.35 (citation omitted).

The Eighth Circuit Court of Appeals does not appear to have weighed in on this topic, and neither has, to this Court's knowledge, any judge in the Southern District of Iowa. Recent Eastern District of Missouri decisions, however, have severed the defendants in these types of cases. *See, e.g., reFX Audio Software Inc. v. Does 1-39*, No. 4:13 CV 895 RWS, 2013 U.S. Dist. LEXIS 164115, at *5 (E.D. Mo. Nov. 19, 2013) (Judge Rodney W. Sippel decided that joinder was not proper under Rule 20(a), and even if Rule 20 was met, would exercise discretion to

sever in the interest of justice (citation omitted)); *Private Lenders Group, Inc. v. Does 1-17*, No. 4:13-CV-285 (CEJ), 2013 U.S. Dist. LEXIS 121643, at *8 (E.D. Mo. Aug. 27, 2013) (Judge Carol E. Jackson decided that joinder was not appropriate under Rule 20(a) (citation omitted)); *Night of the Templar, LLC v. Does 1-116*, No. 4:12CV02022 AGF, 2013 U.S. Dist. LEXIS 120016, at *7-9 (E.D. Mo. Aug. 23, 2013) (Judge Audrey G. Fleissig decided that Rule 20(a) joinder of numerous Doe defendants is improper in BitTorrent cases, and even if Rule 20(a) was met, would sever and dismiss all but one Doe defendant to avoid causing prejudice and unfairness to defendants, and in the interest of justice).[6]

## 2. **Cases Finding Joinder Proper**

In contrast, other courts have decided that joinder is appropriate. In *Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161 (E.D. Mich. 2012), Magistrate Judge Mark A. Randon thoroughly discussed the technology before deciding that joinder is proper. "[U]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness

---

[6]Other Eastern District of Missouri cases have severed defendants in these types of cases. *See reFX Audio Software Inc. v. Does 1-100*, No. 4:12 CV 2095 RWS, 2013 U.S. Dist. LEXIS 167859 (E.D. Mo. Nov. 26, 2013) (Judge Sippel); *West Coast Prods., Inc. v. Does 1-71*, No. 4:12CV01551 AGF, 2013 U.S. Dist. LEXIS 140436 (E.D. Mo. Sept. 30, 2013) (Judge Fleissig); *Tricoast Smitty, LLC v. Does 1-45*, No. 4:12CV02019 AGF, 2013 U.S. Dist. LEXIS 127291 (E.D. Mo. Sept. 6, 2013) (Judge Fleissig); *Purzel Video GMBH v. Does 1-91*, No. 4:12CV02292 AGF, 2013 U.S. Dist. LEXIS 127289 (E.D. Mo. Sept. 6, 2013) (Judge Fleissig); *Purzel Video GMBH v. Does 1-32*, No. 4:13CV00449 AGF, 2013 U.S. Dist. LEXIS 127293 (E.D. Mo. Sept. 6, 2013) (Judge Fleissig); *Breaking Glass Pictures, LLC v. Does 1-188*, No. 4:13CV00388 AGF, 2013 U.S. Dist. LEXIS 122459 (E.D. Mo. Aug. 28, 2013) (Judge Fleissig); *Purzel Video GMBH v. Does 1-67*, No. 4:13-cv-450 SNLJ, 2013 U.S. Dist. LEXIS 107135 (E.D. Mo. July 31, 2013) (Judge Stephen N. Limbaugh, Jr.) (based on unmanageability and unfairness concerns); *PHE, Inc. v. Does 1-27*, No. 4:13-cv-480 SNLJ, 2013 U.S. Dist. LEXIS 101647 (E.D. Mo. July 22, 2013) (Judge Limbaugh); *reFX Audio Software Inc. v. Does 1-97*, No. 4:13-CV-00409 (CEJ), 2013 U.S. Dist. LEXIS 98927 (E.D. Mo. July 16, 2013) (Judge Jackson) (based on fairness and judicial economy concerns).

to the parties; joinder of claims, parties and remedies is strongly encouraged." *Id.* at 166

(quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). Permissive joinder is

to be liberally construed, *id.* (citation omitted), and the Eighth Circuit has clarified that all

"logically related" events entitling a person to institute a legal action against another are

generally regarded as comprising a transaction or occurrence. *Mosley*, 497 F.2d at 1333 (citation

omitted). Rule 20 would permit all reasonably related claims for relief by or against different

parties to be tried in a single proceeding, and absolute identity of all events is unnecessary. *Id.*

In the court's reasoning, "each Defendant is logically related to every other Defendant because

they were all part of a series of transactions linked to a unique Initial Seeder and to each other."

*Patrick Collins, Inc.,* 282 F.R.D. at 165. "[T]he law of joinder does not have as a precondition

that there be temporal distance or temporal overlap[.]" *Id.* at 168.

Similarly, in *Digital Sin, Inc. v. John Does 1-176*, the court stated:

> [I]t is difficult to see how the sharing and downloading activity alleged in the
> Complaint–a series of individuals connecting either directly with each other or as
> part of a chain or "swarm" of connectivity designed to illegally copy and share
> the exact same copyrighted file–could *not* constitute a "series of transactions or
> occurrences" for purposes of Rule 20(a). . . . [Plaintiff has alleged] that the Doe
> defendants were trading the exact same file as part of the same swarm. As a
> result, the Court declines to sever the case at this time.

279 F.R.D. 239, 244 (S.D.N.Y. 2012) (citation omitted).

In *TCYK, LLC v. Does 1-87*, No. 13 C 3845, 2013 U.S. Dist. LEXIS 95817, at *12 (N.D.

Ill. July 10, 2013), a case involving the same movie as in two of the present cases, the court

declined to find misjoinder at that time. The court explained that for at least the period that the

defendants were connected to the swarm, that conduct easily appeared to satisfy the "same

transaction" requirement for joinder. *Id.* at *8. For defendants who were part of the same swarm

at different times, the court reasoned that the pieces of the file that Doe 1 distributed directly to other Does who were in the swarm contemporaneously with Doe 1 were in turn subsequently distributed by them to the Does who joined the swarm after Doe 1 left it. *Id.* at *9.  Under that view, all of the transfers involve the very same digital file, and the earlier transfers of the pieces of that file facilitate the later transfers. *Id.* The court further reasoned that Rule 20 does not require a direct transaction between every defendant for joinder; rather, a "series" of transactions contemplates that the transactional link between parties may be more attenuated. *Id.*

Some courts have found that the interests of judicial efficiency weigh in favor of joinder in these types of cases, and that doing so actually may be more beneficial for the Doe defendants, who are able to see the defenses, if any, that the other defendants raise. *See, e.g., Patrick Collins, Inc. v. Does 1-22*, No. 11-cv-01772-AW, 2011 U.S. Dist. LEXIS 129088, at *11 (D. Md. Nov. 8, 2011) (citation omitted); *Patrick Collins, Inc.*, 282 F.R.D. at 165 n.9 (stating that requiring 21 separate cases would require 21 dockets and 21 pre-trial conferences); *Liberty Media Holdings, LLC v. Does 1-62*, No. 11-cv-575-MMA (NLS), 2012 U.S. Dist LEXIS 24232, at *19 (S.D. Cal. Feb. 24, 2012) (stating that "judicial economy will be best preserved by joining Doe Defendants in a single action rather than maintaining over fifty separate actions.")

## B.    Application to the Present Cases

This Court agrees with the reasoning of courts that have decided that joinder is inappropriate.[7]  Although questions of law or fact common to all defendants would likely arise in

---

[7]It is unclear whether any of the plaintiffs have even pleaded a prima facie case of copyright infringement, given that an individual could access the swarm, download a small piece of the copyrighted material that could be useless, and then leave the swarm without ever completing the download. *See Killer Joe Nevada, LLC*, 2013 U.S. Dist. LEXIS 95416, at *10-11.  To state a copyright infringement claim, a plaintiff must show: (1) ownership of a valid

the action, the Court is not convinced that a right to relief is asserted against defendants with respect to or arising out of the "same transaction, occurrence, or series of transactions or occurrences[.]"  *See* Fed. R. Civ. P. 20(a)(2).  The better reasoning is that Doe defendants who have allegedly participated in the same swarm to download a copyrighted work should not, without more information, be considered part of the same transaction, occurrence, or series of transactions or occurrences.

To be involved in the <u>same</u> transaction or occurrence, it appears that at a minimum, one would need to be connected to the Internet and still actively distributing data through the BitTorrent client at the same time as another user for that user to be able to connect and share a copy of the movie.  *See Kill Joe Nevada, LLC*, 2013 U.S. Dist. LEXIS 74824, at *6-7; *see also* Compl. ¶ 4 (any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer "so long as that first seed peer is online at the time the subsequent peer downloads a file").  Here, the infringing activities allegedly occurred from January 2013 to April 2013, for the *Killer Joe* cases.  No. 3:13-cv-00060-SMR-TJS, Compl. Ex. B [ECF No. 1-3]; No. 4:13-cv-00192-SMR-TJS, Compl. Ex. B [ECF No. 1-3].  They allegedly occurred over the course of approximately a week in one of the *TCYK* cases, and approximately twelve days in the other.  No. 3:13-cv-00077-SMR-TJS, Compl. Ex. B [ECF No. 1-3]; No. 3:13-cv-00074-SMR-TJS, Compl. Ex. B [ECF No. 1-3].  They allegedly spanned a little over three weeks in *Sibling The Movie*.  No. 4:13-cv-00271-SMR-TJS,

---

copyright, and (2) copying of constituent elements of the work that are original.  *Patrick Collins, Inc.*, 2011 U.S. Dist. LEXIS 129088, at *4 (quotation omitted).  The raw data does not satisfy the originality requirement.  *Killer Joe Nevada, LLC*, 2013 U.S. Dist. LEXIS 95416, at *11 n.35 (quotation omitted).

Compl. Ex. B [ECF No. 1-3].  Thus, in the *Killer Joe* cases, the January defendants would have

to be connected to the Internet and still actively distributing data through the BitTorrent client

approximately three months later to be involved in the same transaction as the April defendants,

which is implausible at best.  *See Kill Joe Nevada, LLC*, 2013 U.S. Dist. LEXIS 74824, at *7.

In the other cases that allege a shorter span of activity, and even in all five cases where Doe

defendants allegedly have "hit dates" on the same day and close in time, there is no showing that

the earlier defendants were still connected to the Internet and actively distributing data through

the BitTorrent client at the same time as the later defendants.  Facts have not been alleged

regarding what time frame would be appropriate to infer that defendants shared data.  *But see*

*Malibu Media, LLC v. Reynolds*, No. 12 C 6672, 2013 U.S. Dist. LEXIS 31228, at *46 (N.D. Ill.

Mar. 7, 2013) (indicating that within hours of each other would be sufficient).  Temporal overlap

would not necessarily establish that any two defendants shared data, but it would at least be

reasonable to infer that they engaged in the same series of transactions.  *Id.*

Each plaintiff bears the burden of pleading facts sufficient to show that the requirements

of Rule 20(a)(2) are met, *see Third Degree Films, Inc.*, 2013 U.S. Dist. LEXIS 44131, at *18 n.6

(citation omitted), and it is also not evident that defendants participated in the same <u>series</u> of

transactions or occurrences.  "Even under the broad interpretation of Rule 20(a) and the liberal

construction of the word 'transaction' adopted by the Eighth Circuit, defendants may not be

joined in the absence of a transactional link between them."  *Private Lenders Group, Inc.*, 2013

U.S. Dist. LEXIS 121643, at *7 (internal quotation omitted).  "A transactional link is missing

when the defendants' acts, though identical, were separate and independent."  *Id.* (internal

quotation omitted).  Although each plaintiff has alleged that the defendants in each case were in

the same swarm based on the same hash value, participation in a specific swarm is too imprecise a factor absent additional information relating to the alleged copyright infringement to support joinder. *See Killer Joe Nevada, LLC*, 2013 U.S. Dist. LEXIS 95416, at *11. Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe, but may instead have gone to any of the potentially thousands of others who participated in a given swarm and are not in this case. *See Hard Drive Prods., Inc.*, 809 F. Supp. 2d at 1163. A peer can avoid participating in future uploads to other peers by disconnecting from the swarm once he or she has downloaded the entire file. *X-Pays, Inc.*, 2013 U.S. Dist. LEXIS 96241, at *5 (citation omitted). "While it is possible that some defendants obtained pieces of the data file from a preceding defendant, it is equally likely that earlier defendants had no involvement in later exchanges of data because they, and anyone who downloaded the file from them, left the swarm and were no longer available sources of data." *Private Lenders Group*, *Inc.*, 2013 U.S. Dist. LEXIS 121643, at *8 (citation omitted). "Because any connection between the defendants' otherwise separate and independent acts is entirely speculative, joinder of defendants is not appropriate under Rule 20(a)." *Id.* (citation omitted).

Having the same hash value traceable back to the same initial seed is insufficient, without more information. In addition to the above observations, a defendant may even have obtained the file from the initial seeder, and then shared it with no one in the swarm other than the investigator. *Third Degree Films, Inc.*, 2013 U.S. Dist. LEXIS 44131, at *20. Multiple defendants may have accessed the same file from the initial seeder separately and independently. As described in a hypothetical example:

> [I]magine a swarm developed around a file seeded by A. On Day 1, B, C, and D enter that swarm with A and help each other acquire the file by exchanging pieces

of the file with one another.  Their exchange can fairly be called the same "series of transactions" for purposes of Rule 20.  Now, after the exchange, assume all four stay plugged into the swarm through Day 2, uploading pieces of the file to any other users who enter into the swarm.  On Day 3, B, C, and D disconnect.  The next day E, F, and G enter the swarm with A.  Since the swarm develops around the file, E, F, and G are part of the same swarm that A, B, and C were in.  However, now the file exchange is occurring between A, E, F, and G.  By contrast, B, C, and D have no involvement with the second exchange because they left the swarm.  Given that B, C, and D were not and could not be sources for E, F, and G, the former group's acquisition of the file was a wholly separate series of transactions from the latter's.

Sean B. Karunaratne, Note, *The Case Against Combating BitTorrent Piracy Through Mass John Doe Copyright Infringement Lawsuits*, 111 Mich. L. Rev. 283, 295 (2012).  The factual allegations in each of the Griffin Declarations regarding how the actions of an individual who downloaded a movie in January 2013 are connected to the actions of an individual who downloaded the same movie as part of the same swarm in April 2013 are just as consistent with showing that defendants "committed the same type of violation in the same way" as they are to showing a series of transactions.  *See Third Degree Films, Inc.*, 2013 U.S. Dist. LEXIS 44131, at *17, *20 (quotations and citations omitted).  The declarations explain how individuals can leave BitTorrent on and remain participants in the swarm, but they do not show that defendants remained participants in the swarm.  "This is not even to mention the substantial risk . . . that an individual identified as owning an IP address detected by [the investigator] was not, in fact, the individual who may have used that IP address to commit the alleged infringement."  *Id.* at *20-21.[8]

---

[8]Thus, questions remain regarding personal jurisdiction.  *See West Coast Prods., Inc.*, 2013 U.S. Dist. LEXIS 140436, at *8.

This Court believes that at a minimum, contemporaneous participation in the swarm is necessary to be involved in the same series of transactions or occurrences. Thus, whether to show the same transaction or to show a series of transactions, defendants must be in the same swarm at the same time. In the Court's view, the difference between the same transaction and a series of transactions depends on the relationship between the defendants. If two defendants are in the swarm at the same time, a "seed" defendant participates in the same transaction with a "leeching" defendant downloading the movie. Two leeching defendants downloading the movie at the same time participate in the same series of transactions.

These cases often join together a subset of a swarm based on judicial district. The "FileHash" number in *Killer Joe Nevada, LLC*, No. 3:13-cv-00060-SMR-TJS, *see* Compl. Ex. B [ECF No. 1-3], is the same as in a similar case from the Northern District of Iowa, *Killer Joe Nevada, LLC v. Does 1-20*, No. 5:13-cv-04036-MWB. (It is different from *Killer Joe Nevada, LLC*, No. 4:13-cv-000192-SMR-TJS.) Joinder of defendants in the present case compared to the Northern District of Iowa case therefore appears to be based on the same swarm[9] and a subdivision of the swarm by judicial district. A plaintiff is not required to join all parties under the permissive joinder rule. *Patrick Collins, Inc.*, 282 F.R.D. at 162 n.3. Nevertheless, "plaintiff has brought this action against a group of geographically proximate defendants . . . this is but a small and artificially limited segment of the participants in the alleged swarm of infringing activity; correspondingly, the notion that these particular defendants must have indirectly shared

---

[9]If that is not the case, and the present action somehow involves a different swarm than the other action with the same hash number, then the Court would be left to wonder "what probative value a Unique Hash Number would have in identifying members of the same 'swarm,' and thus whether plaintiff has any colorable basis for attempting to join defendants." *Third Degree Films, Inc.*, 2013 U.S. Dist. LEXIS 44131, at *24 (citation omitted).

with one another becomes only more attenuated." *Third Degree Films, Inc.*, 2013 U.S. Dist. LEXIS 44131, at *23-24 (citations omitted).

Even if joinder had met the requirements of Rule 20(a), as in previous cases, the Court finds it appropriate to exercise its discretion to sever and dismiss all but one Doe defendant in each case to minimize the risk for logistical problems, to avoid causing prejudice and unfairness to defendants, and in the interest of justice. *See Hard Drive Prods., Inc.,* 809 F. Supp. 2d at 1164.  It would be a burden for each defendant to have to serve pleadings on all the others, each has the right to be at each other's deposition, and any courtroom proceeding could be a challenge with so many defendants having the opportunity to be present. *See id.*  Each defendant might have different defenses, necessitating a mini-trial for each; alternatively, the cases might end with the controversial practice of coercing settlements. *See Killer Joe Nevada, LLC*, 2013 U.S. Dist. LEXIS 95416, at *12-13.  Settlements apparently have already occurred with several of the Doe defendants in these cases.

Therefore, the Court will grant in part Defendant John Doe 18's Motion to Quash the Subpoena and Motion to Dismiss and/or Sever for Misjoinder [ECF No. 20].  Relief is warranted both because no resistance to the motion was filed, *see* LR 7(f) ("If no timely resistance to a motion is filed, the motion may be granted without notice."), and on the merits.  In the remaining four cases, the Court believes that sua sponte action is appropriate.  In each of the above-captioned cases, plaintiff's brief in support of discovery stated: "In either case, these ISPs will be able to notify their subscribers that this information is being sought, and, if so notified, each Defendant will have the opportunity to raise any objections before this Court."  Mem. in Supp. of Pl.'s Mot. For Leave to Take Discovery Prior to Rule 26(f) Conference at 2.  It does not

appear, however, that the Internet Service Providers ("ISPs") had to notify the Doe defendants

that their information is being sought (note the qualifier "if so notified").  Without such

knowledge, defendants would not have an opportunity to object and file motions.  Only one has

been filed.

## IV.    OTHER PENDING MOTIONS

In *Killer Joe Nevada, LLC v. Does 1-39*, No. 3:13-cv-00060-SMR-TJS, Killer Joe filed a

Motion to Compel Compliance with Subpoena Duces Tecum [ECF No. 24].  Killer Joe filed a

similar motion in *Killer Joe Nevada, LLC v. Does 1-10*, No. 4:13-cv-00192-SMR-TJS [ECF No.

15].  TYCK, LLC filed similar motions in *TCYK, LLC v. Does 1-18*, No. 3:13-cv-00074-SMR-

TJS [ECF No. 12]; and in *TCYK, LLC v. Does 1-18*, No. 3:13-cv-00077-SMR-TJS [ECF No. 11].

In all of the cases except No. 4:13-cv-00192-SMR-TJS, Doe 1 will be the only remaining

defendant in the case.  Because those motions pertain to Doe defendants other than Doe 1, the

motions will therefore be denied as moot.  In No. 4:13-cv-00192-SMR-TJS, Doe 1 has already

been dismissed, so Doe 2 will be the remaining defendant.  The Motion to Compel in that case

does pertain to Doe 2 but is moot as to Does 5, 6, 7, and 9.  The motion will be denied without

prejudice to refiling against Doe 2.  Plaintiff shall first follow the procedures outlined in this

Order as to Doe 2.

## V.    CONCLUSION

The Court GRANTS IN PART Defendant John Doe 18's Motion to Quash the Subpoena

and Motion to Dismiss and/or Sever for Misjoinder [ECF No. 20], filed in the lead case number

but pertaining to *TCYK, LLC v. Does 1-18*, No. 3:13-cv-00077-SMR-TJS.  The Court GRANTS

the Motion to Dismiss and Sever, and DENIES the Motion to Quash as moot.  Regarding John

Doe 18's request for attorney fees, the Court DEFERS acting on this request to allow defendant to follow the procedure set out in Local Rule 54. *See also* Fed. R. Civ. P. 54(d).  Other than the first defendant remaining in each of the above-captioned cases, the Court SEVERS the remaining defendants in each of the cases.  The plaintiff in each case is permitted to proceed against one Doe defendant (Doe 1), the first defendant listed on plaintiff's Exhibit B filed with each complaint, except that in No. 4:13-cv-00192-SMR-TJS, the case will proceed with only the first defendant remaining in the case, Doe 2.  The claims against the remaining severed Doe defendants are DISMISSED without prejudice to refiling in separate actions.  If a plaintiff wishes to proceed against any of the remaining defendants, it will need to file separate cases with filing fees for each case.

The Court also DENIES as moot the Motion to Compel Compliance with Subpoena Duces Tecum [ECF No. 24] in *Killer Joe Nevada, LLC v. Does 1-39*, No. 3:13-cv-00060-SMR-TJS; the Motion to Compel Compliance with Subpoena Duces Tecum in *TCYK, LLC v. Does 1-18*, No. 3:13-cv-00074-SMR-TJS [ECF No. 12]; and the Motion to Compel Compliance with Subpoena Duces Tecum in *TCYK, LLC v. Does 1-18*, No. 3:13-cv-00077-SMR-TJS [ECF No. 11].  In *Killer Joe Nevada, LLC v. Does 1-10*, No. 4:13-cv-00192-SMR-TJS [ECF No. 15], the Court DENIES the Motion to Compel without prejudice to its refiling as to Doe 2 once the procedures outlined in this Order have been followed, and as moot with regard to the other defendants.

The Court VACATES the prior Orders granting discovery, and GRANTS the Motion for Leave to Take Discovery Prior to Rule 26(f) Conference only as to Doe 1 in each case (except as to Doe 2 in No. 4:13-cv-00192-SMR-TJS).  Each plaintiff is directed to require the ISP or

intermediary ISP for the remaining Doe defendant to notify him or her that this information is being sought and provide a copy of the subpoena and a copy of this Order, even if Doe's information has already been obtained, so that Doe will have the opportunity to raise any objections before this Court.  Specifically, within seven days of this Order if a subpoena has already been served, the ISP shall reasonably attempt to identify Doe, and provide Doe with a copy of the subpoena and a copy of this Order.  If an ISP is unable to determine, to a reasonable degree of technical certainty, the identity of the user of a particular IP address, it shall notify plaintiff's counsel in writing, so that a record can be kept for review by the Court.  Each plaintiff shall notify the ISP, however, and the ISP shall notify Doe, that plaintiff may not seek or obtain the telephone numbers or email addresses of Doe.  If Doe's information has already been obtained, plaintiff shall also send, within seven days of this Order, a letter notifying that person that his or her information has been obtained.

The Court also QUASHES any subpoena that may be outstanding to any ISP seeking information about the identity of any Doe defendant other than the sole remaining Doe defendant in each case, without prejudice to a plaintiff's right to renew such subpoenas in the event it elects to file individual actions against the severed defendants.[10]  Each plaintiff shall: (1) within seven days of this Order, notify every ISP that has been served with a subpoena for any information concerning any Doe defendant (other than the remaining Doe defendant) that the subpoena is quashed, including by sending a copy of this Order; (2) immediately cease and desist all efforts to identify the users of the relevant IP addresses; and (3) within fourteen days of this Order, have

---

[10]Nothing set forth herein should later preclude a remaining Doe defendant from moving to dismiss and/or quash a subpoena.

the ISPs notify anyone to whom they have previously given notice of the subpoena (other than the remaining Doe defendant) that the subpoena is quashed, including by sending a copy of this Order.  Moreover, as to all of the IP addresses for which plaintiff has already received identifying information (other than the remaining Doe defendant), plaintiff shall, within seven days of this Order, send a copy of this Order via U.S. Mail to those users along with a letter notifying the user that his or her information has been obtained but he or she is no longer named as a potential defendant in the instant litigation.  *See Lightspeed v. Does 1-1000*, No. 10 C 5604, 2011 U.S. Dist. LEXIS 35392, at *8-9 (N.D. Ill. Mar. 31, 2011).

Consistent with the decision that a single defendant will remain in each case, plaintiff may not serve pre-Rule 26 conference subpoenas on unidentified ISPs that plaintiff may learn of in the future.  Each plaintiff shall notify the Court if it has already served subpoenas on any ISPs outside of the list it provided to the Court with its Motion for Leave to Take Discovery Prior to Rule 26(f) Conference.

Should any plaintiff choose to re-file actions like the present cases against any of the severed defendants, that plaintiff is directed to designate the cases as related to these cases.  A plaintiff may renew in each suit its request for leave to file a third-party subpoena prior to a Rule 26(f) conference.  Any effort to take discovery prior to service must follow the sensible protocol adopted by Magistrate Judge Gary R. Brown in *In re BitTorrent Adult Film Copyright Infringement Cases*, Nos. 11-3995 (DRH) (GRB), 12-1147 (JS) (GRB), 12-1150 (LDW) (GRB), and 12-1154 (ADS) (GRB), 2012 U.S. Dist. LEXIS 61447, at *40-42 (E.D.N.Y. May 1, 2012), as modified by this Court.  *See SBO Pictures, Inc. v. Does 1-20,* No. 12 Civ. 3925 (SAS), 2012

U.S. Dist. LEXIS 78268, at *4-6 (S.D.N.Y. June 5, 2012) (quotation omitted).  That protocol is as follows:

(1)     Subpoenas may not issue seeking the telephone numbers or email addresses of the individuals who are assigned a particular IP address.

(2)     Plaintiff is directed to require the ISPs or intermediary ISPs at issue to notify their subscribers that the subscribers' information is being sought, and provide a copy of the subpoena and a copy of this Order.  Specifically, within seven days of service of each subpoena, the ISP shall reasonably attempt to identify the Doe sued, and provide that Doe with a copy of the subpoena and a copy of this Order.  If an ISP is unable to determine, to a reasonable degree of technical certainty, the identity of the user of a particular IP address, it shall notify plaintiff's counsel in writing, so that a record can be kept for review by the Court.

(3)     An ISP may move to quash or otherwise object to any subpoena within 30 days from the service of the subpoena.  Similarly, each potential defendant shall have 30 days from receipt of the subpoena from the ISP to move to quash or otherwise object to the subpoena, or to request to remain anonymous.

(4)     Absent any motion to quash or objection, the ISPs shall produce the information sought to the Court, not to plaintiff, within 30 days after notifying each defendant as aforesaid. Such submission shall be ex parte and under seal. The information will be disclosed to plaintiff's counsel by the Court.  No such disclosure shall include any email addresses or telephone numbers.

(5)     Plaintiff may use the information disclosed, once it is received by plaintiff's counsel, only for the purpose of litigating the instant case.

IT IS SO ORDERED.

Dated this 20th day of December, 2013.

STEPHANIE M. ROSE
UNITED STATES DISTRICT JUDGE